UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHANIE VETTER, individually and on behalf of others similarly situated | Case Number |
| Plaintiff | CIVIL COMPLAINT |
| vs. |  |
|  | JURY TRIAL DEMANDED |
| AMCOL SYSTEMS |  |
| Defendant |  |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Stephanie Vetter, individually and on behalf of others similarly situated, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

This action is instituted in accordance with and to remedy Defendants' violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"). Plaintiff brings this action both individually on her own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for herself and to enjoin Defendant's unlawful conduct as it affects all other consumers residing within the United States.

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with

the collection of a debt. [15 U.S.C.S. § 1692d](#). And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, [15 U.S.C.S. § 1692e](#), while proscribing unfair or unconscionable means to collect or attempt to collect any debt. [15 U.S.C.S. § 1692f](#).

  Defendants violate the FDCPA if they fail to convey information required by FDCPA; even if Defendants convey required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

  This action seeks redress for the illegal practices of Defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

  Defendants' mistreatment of Plaintiff was in fact indiscriminate, occurring in the regular course of their debt collection business whereby Plaintiff was treated in the same general manner as it treats other consumers who are the objects of its collection efforts.

  Plaintiff therefore seeks hereby to recover actual, statutory, treble, and punitive damages on behalf of herself individually, as well as declaratory and equitable relief on behalf of the class which she seeks to represent, together with reasonable attorneys' fees and costs.

## II.   JURISDICTION

  2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

  3.  Venue in this district is proper in that the Plaintiff and other potential class members reside in this District.

### III. PARTIES

4. Plaintiff, Stephanie Vetter, (hereafter, Plaintiff), is an adult natural person residing at 1543 A. Jacksonville Rd., Burlington, NJ 08016. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Amcol Systems, (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in but not limited to the States of New Jersey and South Carolina with a primary location of 111 Lancewood Road, Columbia, SC 29210.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about March 15, 2015, Plaintiff received an initial notice from the Defendant attempting to collect on an alleged past due consumer account.

8. The alleged debt referenced above was said to be for a balance of $75 for services rendered in January, 2014.

9. Defendant's letter arrived in a window envelope and identifying the Plaintiff with her full and true social security number that clearly showed thru the window envelope directly above her address.

10. It is believed and therefore averred that Defendant's initial notice provided the Plaintiff's, and all potential class members, full social security numbers in their entirety for anyone to see.

11. The irresponsible actions of the Defendant and their agents have left the Plaintiff, individually and others similarly situated, vulnerable to possible long term credit damage, credit fraud and/or identity theft.

12. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken earlier steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

13. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I – FDCPA

17. The above paragraphs are hereby incorporated herein by reference.

18. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> §§1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> §§1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> §§1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer
>
> §§1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: April 21, 2015**

**BY: */s/ Brent F. Vullings*** 

Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F:610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com